Nash, J.
On the 11th of December, 1876, the council of the village of Hartwell adopted a resolution declaring the necessity of improving Ohio avenue in said village, by constructing a sewer therein from its northern to its southern terminus. The publication of this resolution, required by section 563, chapter 49, municipal code (66 O. L., 245), was made. This resolution provided also that the expense of the improvement should be assessed upon the abutting property per foot front. The subsequent steps in the construction and completion of this improvement, and in the assessment of the cost thereof upon abutting property, were a substantial compliance with the provisions of chapter 49, municipal code (66 O. L., 245 — 251).
The action in the court of common pleas was brought by the village for the use of the contractor, to enforce the collection of the assessment levied upon the abutting property of the defendant. In this court there was a judgment in favor of the village of Hartwell. An appeal was taken to the district court of Hamilton county and there the judgment was in favor of the Cincinnati, Hamilton and Dayton railroad company. We are asked to reverse the judgment of the district court.
*156 The principal reason urged against this request is, that the power of municipal corporations in 1876 to build sewers and to levy assessments therefor, was limited and restricted .by the provisions of chapter 50, municipal code (66 O. L., 251 — 256). We cannot concur in this interpretation of the statutes. The first section of this chapter — 602—vested in the council of any city or incorporated village the power to determine when it became necessary to provide a system of sewerage and drainage for the city or village. The provisions of chapter 50 did not become operative or binding upon council until this determination had been reached.
If the theory of the defendant in error is correct no sewerage or drainage could have been provided for a city or village until council had determined that “a system of sewerage and drainage ” was necessary. There w.ere at that time many cities and villages in Ohio, in which the councils had not made this determination and in which to have done so would have been absurd. In such .cities a sewer or drain may have been required, without the necessity of “ a system of sewerage and drainage.”
Such cases were amply provided for by the general assembly. Paragraph 21, section 199, Municipal Code (72 O. L., 107), clothed the councils of municipal corporations with power “ to open, construct, keep in order and repair sewers, drains and ditches.” This power rvas restricted only in cities and villages where the councils had declared' the necessity of “a system of sewerage and drainage.” A sewer is a public improvement and the manner and means of exercising the power conferred by paragraph 21, section 199, was provided by chapter 49, Municipal Code.
• The council of the village of Hartwell had not found that there was a necessity for “a system of sewerage and drainage ” in said village and the record shows that there was in fact no such necessity. Therefore the council proceeded to exercise the power conferred by paragraph 21, section 199, and in substantial compliance with the provisions of chapter 49, Municipal Code.'
Judgment of the district court reversed.